# EXHIBIT D



# Dr. Keith Bell

**3101 Mistyglen Circle • Austin, Texas 78746 • 512.327.2260**

**FOR SETTLEMENT PURPOSES ONLY SUBJECT TO F.R.E. 408**

April 12, 2022

Re: Unauthorized Copying and Distribution OF *Winning Isn't Normal* & the WIN Passage, and Trademark Infringement.

Lane Kiffin, Head Football Coach
Department of Athletics
South Oxford Campus, 5th Floor
PO Box, 1848
University, MS 38677

Sent via Email: rebelfootball@olemiss.edu

## <u>NOTICE OF COPYRIGHT & TRADEMARK INFRINGEMENT, BY LANE KIFFIN</u>
## <u>& CONFIDENTIAL SETTLEMENT OFFER</u>

**Copyright** Owner: Dr. Keith Bell
**Infringer**: Lane Kiffin ("you," "your," or "Kiffin")

**Copyrights Infringed**: *Winning Isn't Normal*, TX 8,503,571  |  *Winning Isn't Normal*, TX 2 672 644
**Trademark Infringed**: Reg. No. 4,630,749

Dear Mr. Kiffin,

My name is Dr. Keith Bell.   I am writing in connection with my claims for copyright infringement against you (herein after "you," "your," or "KIFFIN").

On July 15, 2016 I sent you a Cease and Desist letter in response to your infringements of my copyrighted work, *Winning Isn't Normal*.  I sent a reminder of said letter on September 9, 2016. On 9/28/16 and 10/13/16 you acknowledged your posting of my work and my cease & desist warnings.

On March 21, 2022, I discovered that you again had willfully infringed upon my intellectual property rights with your March 20, 2022 Twitter post (reproduced herein.)  I never provided you with permission, was never contacted by you or anyone representing you to request permission to post it on social media, to create derivative representations(s), or to use it in any other way.

I also have a federally registered trademark *WINNING ISN'T NORMAL* (see Reg. No. 4,630,749) for printed matter, namely, non-fiction publications, namely, books, booklets, pamphlets, articles, manuals and posters in the field of sports, fitness, and competitive performance and psychology.

I am concerned that you, or perhaps an associate, has engaged in unauthorized copying and distribution of a representation of WIN, thereby infringing my copyrights and Trademark (collectively: "Intellectual Property"). Moreover, you have encouraged your followers to retweet and otherwise share said post.

Your Twitter page (twitter.com/lane_kiffin) has more than 545,600 followers, 452 Retweets, 35 Quote Tweets, and was disseminated (trafficked) to more than 1 million unique users. And, you displayed WIN to billions with access to the Internet.

Said post is nearly 100% of WIN and was not transformative. Thus, it appears that someone with access to WIN created the derivative. Then it was posted to your Twitter page by you or an associate.

I was never contacted by you or anyone else requesting permission to create the derivative representation or to post the textual representation anywhere on the Internet.

Under United States Copyright Law, the copyright owner of text or an image has the exclusive rights to **reproduce, distribute**, perform, **display** or **prepare derivative works** based upon the copyright material/work. 17 USC §§106 & 501. **Any reproduction, distribution, performance, derivative, or display of a copyrighted work without authorization from the copyright holder constitutes infringement**. This is a strict liability offense: you are responsible for any infringing act regardless of your intent. **Removal of the infringed works does not relieve you from liability for damages arising from your past or current infringements.**

Twitter, in their Terms of Service, warns users that they may not post content or take any action that infringes or violates someone else's rights. Twitter users who post or share content that is generated by someone else do so at their own risk. Under these circumstances, posting WIN on your Twitter account created liability for willful copyright infringement and contributory infringement. Moreover, you falsely indicated to Twitter that you owned the copyright to *Winning isn't Normal* and gave Twitter the right to use my work and the right for Twitter to give everyone in the world the right to use my work: a transfer of rights you had and have no right to give; which has caused and continues to cause me great harm.

## Damages Arising From Your Copyright Infringement

***Actual Damages and your Profits.*** In the event that a copyright owner's rights are infringed upon, a copyright owner is entitled to recover **actual damages, including costs saved, and profits earned** by the infringer from the infringement *regardless* of whether the infringement was intentional or willful.

Here, your commercial use of the heart of my copyrighted work (and near 100% of my poster and t-shirts that I offer for sale) may allow me to recover all profits generated from or related to said use. *See, e.g., Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (copyright owner need only show gross revenue earned by infringer related to the infringement as the profit factor").

***Statutory Damages.*** If, at the time of the Parties infringement, the written material was registered with the United States Copyright Office, which it was, I may elect to obtain statutory damages of up to



As you have previously been made aware, I am the author and owner of the copyright for a literary work entitled *Winning Isn't Normal*. This copyrighted literary work is from my *Winning Isn't Normal*® series of literary works that are sold online through various outlets and distributed nationwide.  For example, the *Winning Isn't Normal*, book as well as posters and t-shirts with representations of page 8 are sold via www.winningisntnormal.com and www.keelpublications.com).  I also have a separate registered copyright for the abridged text (herein after, "the Win Passage" or "WIN" used in the posters and t-shirts. Both www.winningisntnormal.com and www.keelpublications.com provide my contact information for those interested in obtaining permissions and/or licenses authorizing copying and distribution of the copyrighted literary works.  As emphasized by the posters and t-shirts, *Winning Isn't Normal* reflects the thesis for an approach to motivate winning (i.e., success) in competitive sports and that transcends other fields in which success is desirable.

$30,000.00 for each infringement or up to $150,000.00 for each willful infringement. Courts have typically enhanced damages 2-6 times for willful infringement.  Attorney's fees may also be awarded.

"Willfulness" within the meaning of the Copyright act means that the infringer either had actual knowledge that it was infringing the plaintiff's copyright or else acted in reckless disregard of the high probability that it was infringing the plaintiff's copyright. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1115, 1 U.S.P.Q.2d (BNA) 1261, 1265 (2d Cir. 1986). This knowledge may be actual or constructive. *Ibid.* **Moreover, willfulness may be established for statutory damages purposes by showing that the alleged infringers continued to use the copyrighted works after receiving a cease-and-desist letter from those works' owners.** *Flowserve Corp. v. Hallmark Pump Co., Inc.* **(S.D. Tex. 2011), 98 U.S.P.Q.2d 1979, 1986, 1987- 88, 2011 WL 1527951**.

### Damages Arising From Your Violation of the Digital Millennium Copyright Act

The DMCA provides that no person shall, without the authority of the copyright owner or the law "intentionally remove or alter any copyright management information... or distribute... copies of works, or phono records, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law." 17 U.S.C.A. § 1202.

Having already being warned in my original C&D: you have violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by disseminating WIN while knowing that the copyright management information from my written material as made available for sale at various outlets including winningisntnormal.com, KeelPublications.com, Amazon.com, and Kindle Direct Publishing (KDP) was removed. 17 U.S.C.A. § 1202. The C&D demonstrates both notice to you of my copyright protection and knowledge of the removal of the copyright management information as prohibited under Section 1202.

### Demand For Insurance Policy Information

The claims made against you may fall within "advertising injury" coverage provided as part of a typical Commercial General Liability ("CGL") policy. *See, J.I.P., Inc. v. Reliance Ins. Co.,* 165 F.3d 35 (9th Cir. 1998). You are required to provide me with the policy number(s), carrier(s), and claim number(s). Please confirm that you have tendered this matter to your CGL insurer or your errors and omissions carrier or both. Please be advised that your delay of tendering this claim to your insurer(s) may result in a denial of coverage for the substantial damages I may seek to recover.

### Demand For Preservation of All Evidence and data Related to Print and Website Usage And Electronic Data Related to The Copyrighted Images

Since once again you are on notice of the claims against you, you are under an obligation to preserve all evidence (including all electronic data) related to such claims and damages or face sanctions in litigation for spoliation of such evidence.[1] "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.* 264 F.R.D. 517, 523-24 (N.D. Cal. 2009); *see also Unigard Sec. Ins. Co. v. Lakewood Engineering & Man. Corp.,* 982 F.2d at 365, 369 (9th Cir 1992) (upholding the district court's exclusion of plaintiff's expert testimony based on evidence plaintiff destroyed two years before filing suit).

Spoliation need not be in bad faith to warrant imposition of sanctions. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993). Such sanctions may include a jury instruction that it may draw an adverse inference from the spoliation, exclude witness testimony and evidence, or other more severe litigation sanctions. *Id.*; *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173 (8th Cir.1982).

<u>**Confidential Settlement Offer**</u>

In view of the facts and information provided above, you are liable for willful copyright infringement. I would like to resolve this matter amicably without the necessity of turning this matter over to my attorney and resorting to litigation. In order to do so, I demand that you take the following steps prior to April 14, 2022:

- **Contact me or have your attorney contact me immediately to discuss settlement of my claims by no later than 3pm CT on April 18, 2022.**

- Immediately remove public displays of any unauthorized excerpts or representations that are identical or substantially similar to any portion of my Intellectual Property or any of my other works;

- Immediately cease and desist further dissemination of any unauthorized excerpts or representations that are identical or substantially similar to any portion of my Intellectual Property or any of my other works

- Immediately cease and desist from acquiring any unauthorized excerpts or representations that are identical or substantially similar to any portion of my Intellectual Property or any of my other works

- Immediately destroy all electronic versions of any unauthorized excerpts or representations that are identical or substantially similar to any portion of any unauthorized uses of my Intellectual property or any of my other works/ except for one copy of each for the litigation hold

- Provide me with an explanation of the nature, duration, and amounts of all distributions, displays, and other disseminations of unauthorized excerpts or representations that are identical or substantially similar to any portion of my Intellectual Property any of my other works

- Deliver to me all paper and other fixed or affixed or both copies of any unauthorized excerpts or representations that are identical or substantially similar to any portion of my Intellectual Property or any of my other works and any unauthorized uses of the registered trademark to me;

- Provide me with the name and contact information of the source(s) from which you obtained WIN or *Winning Isn't Normal* or both.

- **Enter into settlement negotiations with me on or before April 19, 2022**

**In return for a substantial cash settlement, and completion of the actions listed above, I will enter into a confidential signed settlement agreement releasing you from all liability for copyright infringement and any trademark infringement associated with the actions described above.**

I have invested significant funds and time in the development and authorized dissemination of my intellectual property. As such, I am prepared to take aggressive legal action to protect my intellectual properties. If you do not take the steps enumerated above, I shall be forced to seek all remedies provided by law, including injunctions; actual damages; statutory damages; full costs; and reasonable attorneys' fees.

### All Rights Reserved

Nothing contained or omitted from this letter will be deemed to be an admission of any fact or waiver of any rights or remedies with respect to the subject of this letter, all of which rights and remedies are expressly reserved.

Very truly yours,

Dr. Keith Bell
512-327-2260
drkeithbell@gmail.com